CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jonathan Lee Rivers, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 7:25-cv-00537 |
| | ) |
| Cpt. K. Redd *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Jonathan Lee Rivers, a pretrial detainee housed at Henry County Adult Detention Center and proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Rivers claims his rights have been violated in connection with the facility's usage of security cameras to monitor inmates while they are showering and strip-searched. (Dkt. 1.) Rivers submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (Dkts. 2, 4, 6.)

While the court finds that Rivers qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.  Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.  Analysis

Rivers' complaint fails to state a claim upon which relief can be granted because he does not state any cognizable violation of his constitutional rights. Rivers complains that cameras that monitor the bathrooms and the areas where inmates can be strip-searched could videotape nude inmates and that he is concerned because such images could be circulated.

(Dkt. 1 at 7–8.) The complaint, however, does not set forth any alleged dissemination of any images, state any inappropriate staff conduct, or allege that the cameras are monitored by opposite-sex staff. Rather, Rivers complains that the presence of the cameras and their ability to record itself violates his constitutional rights.

Prisoners surrender many rights of privacy upon their incarceration given the communal nature of prison life and the surveillance and security requirements. *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."). Accordingly, prisoners' rights may be limited or constrained in significant ways in furtherance of the penal system's legitimate objectives—foremost of which is internal security. *Id.* at 525–28.

Numerous courts have rejected claims such as Rivers' as not viable. *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("[w]hatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety"); *Garrett v. Thaler*, 560 F. App'x 375, 380 (5th Cir. 2014) (upholding dismissal for failure to state a claim when inmate alleged rights were violated by cameras in bathrooms); *Telesford v. Annucci*, 693 F. App'x 1, 2 (2d Cir. 2017) (same); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995) ("Cells and showers are designed so that guards can see in, to prevent violence and other offenses. Prisoners dress, undress, and bathe under watchful eyes. Guards roaming the corridors are bound to see naked prisoners."); *Lowry v. Sutterfield*, Case 3:20-cv-03037, 2020 WL 2950358, at *2 (W.D. Ark. June 3, 2020*)* (finding no Fourth Amendment violation stated when inmate

complained about the filming of inmates while using toilets). Any impact on Rivers' privacy occasioned by the usage of security cameras is therefore justified by legitimate penological needs and would not indicate a violation of the Fourth Amendment. The complaint is devoid of facts establishing any differential treatment of Rivers to support an Equal Protection Claim and of facts indicating that the routine usage of security cameras could constitute cruel and unusual punishment.

Additionally, Rivers' claims fail because the named Defendants were not alleged to have been involved in any actions or inactions involving the security cameras. Under § 1983, defendants generally can be held liable only for their direct actions or inactions in connection with the alleged conduct supporting the constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits . . . , the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution.") (internal citation omitted). In Rivers' complaint, the named Defendants are described as being involved only with the grievance process. (Dkt. 1 at 8.)

An inmate must exhaust his available remedies in the grievance process, but an inmate has no constitutional right to the grievance process. *Booker v. S.C. Dep't of Corrs.*, 855 F.3d 533, 541 (4th Cir. 2017). The denial of access to the grievance process or impeding such access does not give rise to a claim that the official violated the Constitution. *Id.* Accordingly, Defendants also cannot have liability under § 1983 because of their responses to a grievance or appeal. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Brown v. Va. Dep't of Corr.*, No. 6:07-cv-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009). "[A]ny mistakes [the

defendants] made in investigating or ruling on plaintiff's grievances do not rise to the level of a due process violation." *Smith v. Jones*, No. 1:20-cv-1157, 2021 WL 4046403, at *4 (E.D. Va. Sept. 3, 2021); *see also Christian v. Thomas*, No. 3:20-cv-804, 2022 WL 1303270, at *11 (E.D. Va. May 2, 2022). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation" because "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). A prison official's "after-the-fact denial of a grievance falls far short of establishing § 1983 liability." *DePaola v. Ray*, No. 7:12-cv-00139, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013).

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but will **DISMISS** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to state a plausible claim of entitlement to relief.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Rivers.

**IT IS SO ORDERED.**

**ENTERED** this 11th day of September, 2025.

/s/ Jasmine H. Yoon
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE